# Enlow v. The State.

### Larceny.

(Decided August 1, 1916.   72 South. 571.)

Criminal Law; Statute of Limitation; Directing Verdict.—Where it appears affirmatively that the misdemeanor charged was committed more than 12 months before the finding of the indictment, defendant is entitled to a directed verdict; circuit court rule 35 not applying.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Ira Enlow was convicted of petit larceny and he appeals. Reversed and rendered.

E. B. & K. V. Fite, for appellant.  W. L. Martin, Attorney General, and P. W. Turner, Assistant Attorney General, for the State.

EVANS, J.—The indictment in this appeal contained two counts:  The first charged burglary, the second petit larceny.  A plea of autrefois acquit was interposed to the indictment as a whole; thereupon the solicitor, confessing the plea as to the first count, asked leave to enter a nolle prosequi as to that count, and the court so ordered.  On the question of acquittal of the petit larceny charge in the second count, the jury found adversely to defendant, and he was then put upon his trial under that count and a conviction had thereunder.

The indictment first presented, and the one upon which defendant was tried and acquitted of burglary, merely charged that offense; hence there is no question here involved of a prosecution for larceny once started and the subsequent interruption or suspension of the running of the statute of limitations by reason of any of the defects or infirmities as provided in section 7351, Code 1907.

Under the instant indictment initiating the prosecution for petit larceny, the record shows that the burglary and larceny were committed during the last of December, 1913, or the first of January, 1914, and the indictment was presented February 25, 1915.  Hence is affirmatively appears that the defendant was convicted of a misdemeanor which was commited more than 12 months before the finding of the indictment, and the learned trial court was in error in refusing defendant's written request for the general affirmative charge.  Circuit court rule 35 to the effect that the trial court will not be put in error for refusing the general charge when "predicated upon failure of proof as to time or venue  *  *  *  unless it appears upon appeal that the point upon which it was asked was brought to the attention of the trial court before the argument of the case was concluded" has no application here.  The purpose and design of that rule was to reach and render innocuous matters of omission and failure of proof; it has no application to criminal cases where the record affirmatively shows that proof was made that the offense

was committed at a remote time barred by statutory limitation.

For the error pointed out, this cause must be reversed, and the prisoner discharged from custody; it is so ordered.

Reversed and rendered.